UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERICKSON FRANCOIS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv776 DRL-SJF |

OPINION AND ORDER

Immigration detainee Erickson Francois, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Francois is a Haitian national who was admitted into the United States in 2018 as an F11 visa beneficiary [6-1]. On October 9, 2024, he was convicted of armed robbery under Indiana Code § 35-42-5-1(a)(2) and sentenced to six years' imprisonment. On April 9, 2026, he was arrested and charged with obstruction of justice. Following this arrest, he was transferred into the custody of United States Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant. On April 16, 2026, ICE served him with a notice to appear, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his conviction for an aggravated felony. On May 20, 2026, an immigration judge ordered Mr. Francois removed to Haiti. He appealed his removal order to the Board of Immigration Appeals, and that appeal remains pending.

Mr. Francois is currently detained at Miami Correctional Facility. He filed this habeas petition asserting he faces unlawful detention under 8 U.S.C. § 1226(a) because he has not received a bond hearing. In his response, the warden asserts Mr. Francois' detention is lawful because he is detained under § 1226(c), not § 1226(a). Mr. Francois has not filed any reply, and the time for doing so has expired. The court will now rule on his habeas petition.

Mr. Francois is being detained under § 1226(c), which provides for mandatory detention without the possibility for release on bond. *See* 8 U.S.C. § 1226(c) (providing that "The Attorney General *shall* take into custody any alien who . . . is deportable by reason of having committed" an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii)) (emphasis added). Specifically, it is undisputed Mr. Francois was charged in removal proceedings with being deportable under § 1227(a)(2)(A)(iii) based on his conviction for an aggravated felony. Mr. Francois does not dispute that he is properly detained under § 1226(c), nor does he argue that his armed-robbery conviction is not an aggravated felony. Moreover, Seventh Circuit precedent establishes that a conviction under Ind. Code § 35-42-5-1 qualifies as a violent felony under the elements clause of the Armed Career Criminal Act because robbery by putting a person in fear necessarily entails an explicit or implicit threat of physical force. *See United States v. Duncan*, 833 F.3d 751, 755-58 (7th Cir. 2016). That threatened-force element also satisfies the definition of a crime of violence under 18 U.S.C. § 16(a). Because Mr. Francois was sentenced to six years' imprisonment, his conviction constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). And

because he sustained that conviction after his admission to the United States, the conviction renders him deportable under 8 U.S.C. § 1227(a)(2)(A)(iii).

Mr. Francois asserts he is nevertheless entitled to a bond hearing, but he does not dispute that § 1226(c) provides for mandatory detention without the possibility for bond, nor does he argue that § 1226(c)'s mandatory detention provision is unconstitutional. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings [pursuant to § 1226(c)] is a constitutionally permissible part of that process."); *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999) ("Given the sweeping powers Congress possesses to prescribe the treatment of aliens, see *Fiallo v. Bell*, 430 U.S. 787, 792 (1977), the constitutionality of § 1226(c) is ordained."). In *Demore*, 538 U.S. at 523-26, 531, the Supreme Court took up a due process challenge to § 1226(c) and rejected the habeas petitioner's argument that due process requires an individualized bond hearing for an alien in mandatory detention. Accordingly, because the record shows Mr. Francois is subject to mandatory detention under § 1226(c) without the possibility for bond, he has not shown his ongoing detention violates his constitutional rights and there is no reasonable basis for the court to order a bond hearing.

For these reasons, the court DENIES the petition for a writ of habeas corpus [1].

SO ORDERED.

October 5, 2026

*s/ Damon R. Leichty*
Judge, United States District Court